IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHANIE BEKENDAM, §<br>    #2295662, §<br>        PLAINTIFF, §<br> §<br>v. §    CIVIL CASE NO. 3:21-CV-571-G-BK<br> §<br>STATE OF TEXAS, ET AL., §<br>        DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this civil action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.    BACKGROUND**

On March 10, 2021, Stephanie Bekendam, an Austin, Texas resident, filed a *pro se* complaint against the State of Texas, Paul Harper of the City of Wichita Falls Police Department, United Regional Hospital, the Wichita County Clerk, TDCJ-PD and Child and Adult Protective Services. Doc. 3 at 1-2. The complaint is mostly incoherent, rambling, and conclusory. Bekendam alleges Defendants failed to (1) "follow all laws," (2) provide "proper medical procedures," and (3) conduct a preliminary investigation and "appointment of criminal defense [counsel] in civil matters." Doc. 3 at 5. Although not entirely clear, she appears to rely on the Court's diversity jurisdiction, as she filed the complaint on the form for alleging a "breach

of contract." Doc. 3 at 1. As relief, Bekendam seeks vacatur of her "wrongful conviction [in] Cause No. 50166A" and "pecuniary damages of $3500 per day for every day [she] was wrongfully convicted [in] Case No. 759-A …." Doc. 3 at 5.

Bekendam is no stranger to the federal courts. While confined as a prisoner, she filed at least four civil actions, which were dismissed as frivolous. *See Bekendam v. Harmon*, 7:01-CV-140-R (N.D. Tex. Aug. 1, 2001) (dismissing with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)); *Bekendam v. Tex. Dep't of Crim. Just.*, No. 6:11-CV-299 (W.D. Tex. Sep. 26, 2013) (dismissing with prejudice as frivolous under § 1915(e)); *Bekendam v. Director*, No. 7:13-CV-45-L (N. D. Tex. Feb. 5, 2014) (dismissing with prejudice as frivolous under § 1915(e) with sanction warning); *Bekendam v. TDCJ-CID/Parole*, No. 6:14-CV-78 (W.D. Tex. Aug. 31, 2015) (dismissing with prejudice as frivolous under § 1915(e)(2)), *appeal dismissed as frivolous*, No. 16-50380 (5th Cir. July 14, 2017).

On August 19, 2020, shortly before her release from state prison, Bekendam filed another rambling and difficult-to-follow complaint that the magistrate judge recently recommended be dismissed as frivolous. *Bekendam v. State of Texas*, No. 3:20-CV-2307-K-BT (N.D. Tex. Mar. 3, 2021). Due to her vexatious litigation history, the magistrate judge in that case has also recommended that Bekendam be sanctioned and barred from proceeding *in forma pauperis* in any civil action in this Court. *Id.* Shortly after the recommendation was entered, Bekendam filed the instant case and six other civil complaints.

Upon review of this case, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

## II.  ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Bekendam's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even

---

[1] Although Bekendam did not pay the filing fee or file a motion to proceed *in forma pauperis*, it is more efficient to dismiss the complaint than to require compliance with the Court's filing requirements.

under this most liberal construction, however, Bekendam has not alleged facts that establish diversity or federal question jurisdiction.

Specifically, Bekendam has presented no facts that would support diversity jurisdiction. Indeed, her complaint indicates the parties are all citizens of Texas.  *See* 28 U.S.C. § 1332; *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).  As to possible federal question jurisdiction, Bekendam has not alleged any violation of federal law.  *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) ("A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (citation and internal quotation marks omitted)).  And because the complaint does not present a sufficient basis for either federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims.  28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III.    LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  Here, the facts as alleged by Bekendam in her complaint clearly demonstrate a lack of subject matter jurisdiction in this Court.  Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Bekendam's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO RECOMMENDED** on March 17, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).